RECEIVED
IN LAKE CHARLES, LA
AUG 19 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JANETTE HEBERT | : | CIVIL ACTION NO. 05-0684 |
| VS. | : | JUDGE MINALDI |
| UNITED STATES POSTAL SERVICE AND KAREN DOUGLAS | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc #7-1] filed by the defendants United States Postal Service and Karen Douglas ("USPS"). Plaintiffs have not filed any opposition to the Motion to Dismiss.

**Facts**

On September 29, 2004, plaintiff was stopped at a four-way stop on Loree Street in Lake Charles, Louisiana. [doc. #1 ¶ 2]. A United States Postal Service vehicle being driven by Karen Douglas made a right hand turn onto Loree Street and struck Ms. Hebert's vehicle. [doc. #1 ¶ 2].

**Procedural History**

Ms. Hebert filed this action in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana on March 28, 2005. [doc. #1]. USPS filed a Notice of Removal [doc. #2] on April 19, 2005 based on 28 U.S.C. §1441(a). On April 21, the Clerk of Court removed this action to this court. [doc# 3]. USPS then filed this Motion to Dismiss under the Federal Tort Claims Act ("FTCA") for failing to exhaust administrative remedies before filing this suit. [doc. #7-1].

1

**Law and Analysis**

As a sovereign, the United States must consent to be sued. United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L. Ed. 2d 607 (1980). Consent "cannot be implied but must be unequivocally expressed." Id. Accordingly, statutes purporting to waive the United States' sovereign immunity are strictly construed. Id.

The Federal Tort Claims Act waives the United States sovereign immunity regarding various tort claims, including property damage and personal injury caused by negligent federal employees acting within the scope of employment. United States v. Kubrick, 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L. Ed. 2d 259 (1979). Along with the waiver of immunity of the United States under the FTCA, Congress created a requirement that the claimant exhaust all administrative remedies before a suit by claimant can proceed. 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency."). After having filed a claim, if the claimant hears nothing from the agency within six months, the claimant may choose to construe this passage of time as a denial of the claim. 28 U.S.C. § 2675(a).

USPS has filed this Motion to Dismiss under Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) allows a defendant to move for dismissal claiming the court does not have subject matter jurisdiction over the claim. When addressing a Rule 12(b)(1) motion, the court may base its decision on (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Robinson v. TCI/US West Communications, Inc., 117 F.3d 900 (5th Cir. 1997), *citing*, Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981).

FTCA actions that are instituted before administrative remedies are exhausted must be dismissed for lack of subject matter jurisdiction. Flory v. United States, 138 F.3d 157, 158 (5th Cir. 1998). Additionally, as noted in defendants' memorandum in support of the Motion to Dismiss [doc. #7-1], the Supreme Court has "held that an action filed prior to the expiration of the sixth month waiting period cannot become timely by the passage of time after the complaint has been filed." [doc. #7-1] quoting McNeil v. United States, 508 U.S. 106, 113 (1993). Plaintiff Hebert filed this action in state court on March 28, 2005, approximately 6 months after she was involved in the accident with Douglas, the driver of the USPS vehicle.

Gregory Gaines, the Tort Claims Coordinator for the United States Postal Service for the Louisiana District, declared that he never received an administrative claim filed by or on behalf of the Ms. Hebert regarding the accident. Gaines further declared that the first notice he received of Plaintiff's claim was from the Postal Service National Tort Center when they received notice of Ms. Hebert's court action. Finally, Gaines notes that Ms. Hebert's attorney submitted estimates for the automobile damage to his office on April 1, 2005, three days after the lawsuit was filed. Because plaintiff has not filed an opposition to defendants' Motion to Dismiss, the court will consider Mr. Gaines declaration as undisputed.

**Conclusion**

Plaintiff filed her administrative remedy three days after filing this court action. Under the FTCA, plaintiff is required to seek administrative relief *before* seeking court relief. Once all administrative remedies are exhausted, then the plaintiff may seek relief through the courts against the United States. Also, because of the ruling in McNeil, plaintiff's action cannot become timely by

the passage of time. Accordingly, the defendants' Motion to Dismiss shall be GRANTED. Plaintiffs action shall be DISMISSED WITHOUT PREJUDICE.

Lake Charles, Louisiana, this 17 day of August, 2004.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT